## 43079. FULLER v. MARTIN.

EBERHARDT, Judge. Martin brought suit against Fuller on a contract under which the parties engaged in a construction business. The contract provides, among other things, that Fuller agrees to employ Martin and that Fuller "shall pay to [Martin] the sum of $150 per week payable on Saturday of each week during the life of this contract"; that Martin shall share in the net profits before taxes on any and all construction contracts, but that Fuller shall have the use of the part of the profits due Martin for one year from the date of final payment on each contract at which time Martin would be entitled to one-half of his share and to the remainder at the end of the second year after final payment, all without interest; that Martin "cannot bring any action for moneys hereunder until the same are due and payable according to the terms hereof" and until written demand is made upon Fuller; that either party might terminate the agreement by giving the other party written notice, in which event "the amount of the net profit to which [Martin] is entitled shall be determined . . . by [Martin] in his sole and uncontrolled discretion"; and that there would be a final audit on each construction contract prior to or at the time of final payment to Fuller under the construction contract.

Martin's suit was predicated upon his termination of the contract by giving written notice and demand for payment to Fuller, and he sought to recover back salary and his share of the profits from five construction contracts. Trial of the case was interrupted by the judge with the announcement that he would appoint an auditor. Thereafter Fuller, the defendant, moved for summary judgment attaching various exhibits, including an alleged "Addition to Contract," to show that Fuller was entitled to apply any undistributed profits due Martin from some construction contracts to losses on others and that final payment on two of the contracts had not been received by Fuller, contending that accrual of the rights of the parties hinged upon the dates of final payment. *Held:*

Whatever the rights of the parties may be as to profits and losses under the construction contracts, movant for summary judgment has not demonstrated that there is no genuine issue as to the material fact of back salary and that he is entitled to judgment as a matter of law on this feature of the case.

Fuller's contractual obligation to pay Martin's salary is not made dependent upon the status of the construction contracts, or upon dates of final payments to Fuller thereunder. Accordingly no error appears in the denial of the motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*
SUBMITTED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 14, 1967.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellant.

*O. L. Collins,* for appellee.